# STATE OF MICHIGAN

# COURT OF APPEALS

JP MORGAN CHASE NATIONAL
ASSOCIATION,

Plaintiff-Appellee,

v

MICHAEL R. TEANY a/k/a MICHAEL TEANY,

Defendant-Appellant.

UNPUBLISHED
January 7, 2016

No. 322718
Macomb Circuit Court
LC No. 2013-002063-CH

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order granting plaintiff's motion for summary disposition and entering a judgment for a judicial foreclosure in plaintiff's favor. We affirm for the reasons stated in this opinion.

On January 4, 2008, defendant obtained a $151,453 mortgage loan from Ross Mortgage Corporation to purchase real property located at 26688 Richard Drive, Warren, Michigan. A promissory note was executed between Ross Mortgage Corporation and defendant. As security for the promissory note, defendants granted a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS). MERS assigned the mortgage to Chase Home Finance, LLC. Plaintiff is the successor by merger to Chase Home Finance, LLC.

Defendant defaulted on the promissory note and mortgage. In April 2012, plaintiff began the process of foreclosure by advertisement. Under MCL 600.3204(4),[1] a foreclosure by advertisement could not proceed until completion of a multi-step loan modification process.[2]

---

[1] MCL 600.3204 was amended by 2014 PA 125. In relevant part, the amended statute deleted subsection 4 from the statute. All references in this opinion to MCL 600.3204(4) are to the former version of MCL 600.3204.

[2] MCL 600.3205c(1) required the lender to "work with the borrower to determine whether the borrower qualifies for a loan modification." MCL 600.3205c(1). It also provided that, even if a borrower was eligible for a modification, the lender could still proceed with a foreclosure under certain circumstances. MCL 600.3205c(7). MCL 600.3205c was repealed effective June 30,

-1-

That process began with a notice to the defaulting party. See MCL 600.3204(4)(a). Consistent with that requirement, defendant was sent a letter on April 20, 2012 informing him about the possibility of a loan modification and the relevant requirements. According to defendant, he timely submitted all the requested documents in order to continue with the process. However, rather than proceeding to determine whether defendant was eligible for a loan modification, as provided for in MCL 600.3204(4), a month later, plaintiff abandoned the foreclosure by advertisement and initiated a judicial foreclosure. See MCL 600.3101 *et seq.* Eleven months later, plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) (failure to state valid defense) and MCR 2.116(C)(10) (no genuine issue of material fact). Summary disposition was granted.

As he did below, defendant argues on appeal that once plaintiff started the loan modification process it was barred from completing either a foreclosure by advertisement or a judicial foreclosure until it completed that process as defined by MCL 600.3204(4). We disagree because the requirement of a loan modification process only applies to foreclosure by advertisement.

MCL 600.3204 plainly addresses only foreclosures by advertisement. Indeed, prior to its amendment in 2014, its first sentence read: "(1) Subject to subsection (4) [the section requiring the modification process], a party may foreclose a mortgage *by advertisement* . . . ." (emphasis added). The mandatory loan modification process did not apply to judicial foreclosures, which operated under the supervision and timetable of the court. See generally MCL 600.3101 *et seq.*

Nor is there language in the relevant statutes stating that after a lender initiates the foreclosure by advertisement process it is thereafter prohibited from abandoning that process in order to initiate a judicial foreclosure. In fact, obtaining a judicial foreclosure was the sole remedy available to a borrower where a lender failed to comply with the modification process. MCL 600.3205c(8). Further, pursuant to the foreclosure by advertisement statute, even if the loan modification process was completed and it was determined that the borrower was eligible for a modification, under certain circumstances, the lender could still initiate a foreclosure rather than agreeing to a modification. MCL 600.3205c(7). Finally, nothing in the statutory provisions pertaining to judicial foreclosure, MCL 600.3101 *et seq.*, preclude a *judicial foreclosure* in the event that the lender previously pursued and then abandoned an effort to procure a foreclosure by advertisement.

Defendant does not identify any other alleged defects in the judicial foreclosure, so we affirm.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

---

2014. See 2014 PA 125. All references to MCL 600.3205c in this opinion are to the repealed statute.